An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1167

Filed 6 May 2026

Lincoln County, No. 24JA000064-540

IN THE MATTER OF: A.R.H.

Appeal by respondent-father from order entered 19 June 2025 by Judge J. Brad Champion, in Lincoln County District Court. Heard in the Court of Appeals 22 April 2026.

> *Robinson & Lawing, LLP, by Christopher M. Watford, for the respondent-appellant-father.*
>
> *Lincoln County Department of Social Services, by Lauren Vaughan, for the petitioner-appellee.*
>
> *Ellis & Winters LLP, by Suraj Vege, for guardian ad litem.*

TYSON, Judge.

Respondent-Father appeals from the trial court's permanency planning order which changed the permanent plan for his minor child, A.R.H. We affirm in part, and remand for entry of an amended order regarding visitation.

## I. Background

The facts of this case are stated in our opinion in *In re A.R.H.* (COA25-754), which was heard and decided contemporaneously with this appeal. In that case,

Respondent-Father had appealed from the trial court's 1 May 2025 order, which awarded custody of A.R.H. to Rick and Karen Lingerfelt. This Court affirmed the order.

The order appealed from in this case was entered on 19 June 2025. The trial court continued custody of Allen with the Lingerfelts, ordered the permanent plan to be a concurrent plan of custody and adoption, and ordered no further regularly scheduled review hearings were required.

## II.    Issues

Respondent-Father argues the trial court erred by: (1) eliminating reunification from the permanent plan without making the required findings under N.C. Gen. Stat. § 7B-906.2(d) (2025); and, (2) failing to specify all relevant conditions of Respondent-Father's visitation.

## III.    Standard of Review

This Court reviews whether the trial court properly complied with a statutory mandate under a *de novo* standard of review. *In re N.K.*, 274 N.C. App. 5, 13, 851 S.E.2d 389, 395 (2020).

## IV.    Findings of Fact Under § 7B-906.2(d)

Respondent-Father asserts the trial court eliminated the prospect of reunification with Allen without making the required findings under N.C. Gen. Stat. § 7B-906.2(d) (2025).

The statute provides:

(d) At any permanency planning hearing under subsections (b) and (c) of this section, the court shall make written findings as to each of the following, which shall demonstrate the degree of success or failure toward reunification:

(1) Whether the parent is making adequate progress within a reasonable period of time under the plan.

(2) Whether the parent is actively participating in or cooperating with the plan, the department, and the guardian ad litem for the juvenile.

(3) Whether the parent remains available to the court, the department, and the guardian ad litem for the juvenile.

(4) Whether the parent is acting in a manner inconsistent with the health or safety of the juvenile.

N.C. Gen. Stat. § 7B-906.2(d) (2025).

## A. N.C. Gen. Stat. § 7B-906.2(d)(1)

The trial court's order found "[t]he conditions that led to the removal of [Allen] from the parents' home continue to exist, and return of the juvenile to the Respondent Parents' home would be contrary to [Allen's] health, safety, welfare, and best interest." The condition which led to Allen's removal was the housing situation of the parents, living in a leaking camper with no running water. The trial court received evidence the parents' housing situation remained unchanged in the two-and-a-half years since DSS had received the report and placed Allen with the Lingerfelts.

It is well-settled that "the trial court's written findings need not track the statutory language verbatim, but they must make [it] clear . . . the trial court

considered the evidence in light of whether reunification would be clearly unsuccessful or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time." *In re L.L.*, 386 N.C. 706, 716, 909 S.E.2d 151, 159 (2024) (citation and quotation marks omitted). "The trial court's written findings must address the statute's concerns, but need not quote its exact language." *In re L.R.L.B.*, 377 N.C. 311, 320, 857 S.E.2d 105, 113 (2021) (citation and quotation marks omitted).

The trial court's finding of the conditions which led to Allen's removal continue to exist is sufficient to satisfy the first prong of the statute, which requires a finding of whether the parent "is making adequate progress within a reasonable period of time under the plan." N.C. Gen. Stat. § 7B-906.2(d)(1) (2025). Respondent-father could not be making reasonable progress to correct the conditions which led to Allen's removal, if the substandard housing situation remains unchanged for two and one-half years and being a condition required in the plan.

### B. N.C. Gen. Stat. § 7B-906.2(d)(2) and (d)(3)

Section 7B-906.2(d)(2) requires a finding of "[w]hether the parent is actively participating in or cooperating with the plan, the department, and the guardian ad litem for the juvenile." N.C. Gen. Stat. § 7B-906.2(d)(2) (2025). Similarly, N.C. Gen. Stat. § 7B-906.2(d)(3) requires a finding of "[w]hether the parent remains available to the court, the department, and the guardian ad litem for the juvenile." N.C. Gen. Stat. § 7B-906.2(d)(2);(3) (2025).

"When trial courts incorporate documents by reference, the factual findings contained in those documents–but not their opinions or recommendations–become the findings of the trial court's order." *In re L.L.*, 386 N.C. 706, 718, 909 S.E.2d 151, 161 (2024). Here, the trial court's order states it admitted the DSS Court Report into evidence without objection and had considered the information therein.

The DSS Court Report describes the contacts made by DSS in chronological order, and the past legal proceedings in this action. It states Respondent-Father: "acted out of line" while waiting for a drug screen and had to be calmed down; provided DSS false information about the parents' housing situation throughout the case; skipped visits with Allen or ended visits early; has refused to speak with social workers on occasion; cursed vulgar obscenities to social workers; refused to participate in child and family team meetings; and, was not present for both the 18 March 2025 hearing that awarded custody of Allen to the Lingerfelts and the 15 April 2025 permanency planning hearing, which is the basis of this appeal. These details, which were incorporated into the court's order, satisfy the requirements of N.C. Gen. Stat. §7B-906.2(d)(2) and (3) (2025).

### C. N.C. Gen. Stat. § 7B-906.2(d)(4)

Finally, Section 7B-906.2(d)(4) requires a finding of "[w]hether the parent is acting in a manner inconsistent with the health or safety of the juvenile." N.C. Gen. Stat. § 7B-906.2(d)(4) (2025). The trial court found the return of Allen to his parents' home would be "contrary to [his] health, safety, welfare, and best interest." The court

further found, "[t]here are no other reasonable means to protect [Allen] from harm[,]" and concluded the parents "have abrogated their protected status as parents" and "act[ed] inconsistently with their respective protected status as parents." Viewed together, these findings satisfy the requirements of the fourth prong of the statute. *See Id.*

## V.    Visitation

Respondent-Father argues the trial court's order fails to comply with Section 7B-905.1(c) (2025), which provides:

> (c) If the juvenile is placed or continued in the custody or guardianship of a relative or other suitable person, *any order providing for visitation shall specify the minimum frequency and length of the visits and whether the visits shall be supervised.* The court may authorize additional visitation as agreed upon by the respondent and custodian or guardian.

N.C. Gen. Stat. § 7B-905.1(c) (2025) (emphasis supplied).

The trial court ordered:

> 2. The Respondent Parents shall visit with the Minor Child for a minimum period of every other weekend on Saturday from 10:00 a.m. to 7:00 p.m. and Sunday from 1:00 p.m. to 7:00 p.m. as well as on Tuesdays on opposite weeks from weekend visits from 4:00 p.m. to 7:00 p.m.

The order specifically states the minimum frequency and length of the visits. Respondent-Father contends it fails to state whether the visits are supervised or unsupervised. Every order of the trial court, from disposition forward, has permitted unsupervised visits. Given the history of the case, it is logical to presume the visits

are to be unsupervised. However, we remand the matter to the trial court for the purpose of amending the order to "specify the minimum frequency and length of the visits and whether the visits shall be supervised," to ensure the accuracy of the court record. *See Id.*

## VI.    Conclusion

The trial court's findings of fact are sufficient to comply with the requirements of N.C. Gen. Stat. § 7B-906.2(d) (2025). We remand for the trial court to amend the order to reflect the requirements of N.C. Gen. Stat. § 7B-905.1(c) (2025) regarding visitation. *It is so ordered.*

AFFIRMED IN PART and REMANDED.

Judges COLLINS and GORE concur.

Report per Rule 30(e).